# Exhibit 1

**Civil Investigative Demand**

United States Attorney's Office for<br>The Middle District of Florida

TO:   Advanced Pain Management & Spine Specialists        Civil Investigative Demand
      c/o Nicole Waid                                     No: 2017-001
      8255 College Parkway, Suite 200
      Fort Myers, FL 33919

    This Civil Investigative Demand is issued pursuant to the False Claims Act, 31 U.S.C. §§ 3729–3733, in the course of a False Claims Act investigation to determine whether there is or has been a violation of 31 U.S.C. § 3729. The False Claims Act investigation concerns allegations that several entities submitted or caused the submission of false claims to federal health care programs, in violation of 42 U.S.C. § 1320c-5(a)(1), by billing the United States for procedures that were medically unnecessary, not provided, reimbursed more than once, or provided in violation of the Stark Act and/or the federal Anti-Kickback Act.

    This demand requires you to provide documents to the United States. This is the original of the Demand; no copies have been served on other parties. The information and documents provided in response to this Demand may be shared, used, and disclosed as provided by 31 U.S.C. § 3733. Assistant United States Attorney Kyle Cohen has been designated the False Claims Act custodian in this case. Please address the answers to written interrogatories and requested documents to Mr. Cohen, at:

Kyle Cohen<br>
Assistant United States Attorney<br>
Office of the United States Attorney<br>
for the Middle District of Florida<br>
2110 First St., Suite 3-137<br>
Ft. Myers, FL 33901<br>
(239) 461-2200

**Document Requests**

    You are required by this Demand to produce any and all of the documents in your possession, custody, or control identified in Attachment A. You must make available these documents to Mr. Cohen who has been designated as False Claims Act custodian in this case. These documents shall be produced no later than thirty (30) days from the receipt of this Demand. The production of documentary materials in response to this Demand must be made under a sworn certificate in the form printed in this Demand.

    Issued at Tampa, FL, this _10th_ day of _January_, 2017.

A. Lee Bentley, III<br>
United States Attorney

## FORM OF CERTIFICATE OF COMPLIANCE[1]

I have responsibility for producing the documents requested in Civil Investigative Demand No: 2017-001. I hereby certify that all the materials required by that Civil Investigative Demand which are in the possession, custody, or control of the person to whom the Demand is directed have been submitted to a custodian named therein.

If any such material has not been produced because of a lawful objection, the objection to the document request and the reasons for the objection have been stated.

Signature _____

Title _____

**SWORN TO** before me this _____ day of _____, 2017.

_____
NOTARY PUBLIC

---

[1] In place of a sworn statement, the above certificate of compliance may be supported by an unsworn declaration as provided for by 28 U.S.C. § 1746.

2

## VERIFIED RETURN OF SERVICE

I, **Krista L. Gillespie**, an employee of the United States working under the direction and supervision of attorney Kyle Cohen in connection with a false claims law investigation, hereby certify that at the time of **1:45 PM** on the **12TH** day of **January**, 2017, I personally served Civil Investigative Demand No: 2017-001 on **Advanced Pain Management & Spine Specialists**, by delivering **via email to** **Nicole Waid** at: **Nicole.Waid@FisherBroyles.com**.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this **12TH** day of **January**, 2017.

Signature _____

Title **Legal Assistant**

3

## Attachment A

1. **Definitions:**

    a. The term document(s) means the original document, or certified true copy thereof if the original is not in the possession, custody, or control of the company, all written or printed matter of any kind, formal or informal, wherever located, including, but not limited to, files, folders, journals, appointment books or calendars, diaries, medical claims, drawings, graphs, explanation of benefits, TRICARE, Medicare and Medicaid health insurance claims forms, patient files, prescriptions, profiles, treatment plans, records, laboratory and x-ray results, index cards, notebooks, notepads, patient ledgers, receipts, vouchers, invoices, reports, correspondence, notes, memoranda, and material stored in any data system, to include electronic storage media, which incorporates electronic mail, text messages, voicemail messages, facsimiles, videotapes, audiotapes, photographs, magnetic tapes, computer disks (including floppy disks, hard drives, and hard disks), all programming instructions, record layouts, and other material necessary for the retrieval of all electronic or word processing material, and printouts of data or information stored or maintained by electronic means. Document(s) also includes preliminary drafts or revisions, any attachment or enclosures, as well as copies or duplicates that are not identical to the original because of additions, deletions, alternations or notations. "Documents" and "Records" are also defined to require the production of documents, such as distribution lists, that identify persons (including their addresses and telephone numbers) who receive the subject matter set forth in the individual specifications.

    b. The term document(s) also means any container, file folder or other enclosure bearing any marking or identification in which other "documents" are kept, but does not include file cabinets.

    c. Relevant time period: All documents requested herein refer to the period January 1, 2010, to the date of this subpoena, unless otherwise indicated, and shall include all documents created or prepared during that period, or referring or relating to that period, regardless of when the document was created or prepared.

    d. The term "and" should be interpreted as including "or" and vice versa.

    e. The terms "you" and "your" shall mean Advanced Pain Management & Spine Specialists, Park Center for Procedures, and Anesthesia Partners, and any and all of its subsidiaries, employees or contractors.

    f. The singular form of any word shall also mean the plural form. The plural form of any word shall also mean the singular form. The masculine, feminine, or neutral gender of any word shall also mean the other genders. All verbs shall be construed to include all tenses.

g. The specificity of any of the above Definitions, or parts thereof, does not define or limit the generality of the other Definitions or other parts of any Definitions.

h. The term "medical record" includes but is not limited to:
   1. All reports, office records, doctors' and nurses' notes, and all other data pertaining to the diagnosis, treatment and care of the patient, rendered by you.
   2. All reports, office records, doctors' and nurses' notes, and all other data pertaining to the diagnosis, treatment and care of the patient, rendered by any other health care providers that are in your possession.
   3. All reports rendered by you to any party concerning the diagnosis, care and treatment of the patient.
   4. All patient information forms or questionnaires, or any other information provided by the patient.
   5. All Health Insurance Claim Forms, including HCFA Form 1500, prepared and/or submitted for reimbursement for services rendered on behalf of the patient.
   6. Any and all x-rays, MRI films, CT Scans and any other diagnostic studies including copies of all tests administered and evaluations, test films or readings of any kind taken of the patient by you or by any other health care providers that are in your possession.
   7. Every written piece of paper included within the patient's chart, including a copy of any notations on the file jacket.
   8. The entire electronic version of the health record for the patient, which includes information sufficient to identify the date and identification of any individual inputting data into the medical record.
   9. The login history for all employees that accessed the record.

2. **Instructions:**

   a. Claim of privilege: If any document is withheld by you under claim of privilege, including the attorney client privilege, you shall furnish a schedule setting forth the date, name and title of the author, addressee and recipient. In addition, the subject matter of such document, the nature of the privilege claimed, the basis on which it is claimed, and the paragraph of this subpoena to which it is claimed.

   b. Identifying documents: In order to facilitate the handling of documents submitted pursuant to this subpoena, to preserve their identity and to ensure their accurate and expeditious return, it is requested that each document be marked with an identifying number and that the documents be numbered consecutively. Only the first page of multi-page bound documents should be lettered and numbered and the total number of pages in a document should be noted. Documents should also remain within the file folders in which they were located at the time of service of this subpoena. Such file folders should also be numbered as if they were another document. Within each file folder, documents should remain in the same order as they were at the time of service of the subpoena. Multi-page documents should remain intact.

c. Production: The person designated by the company to appear in response to this subpoena must be a person who is fully knowledgeable concerning the company's search for the documents responsive to this subpoena, as well as one who can authenticate the documents as business records. Should the same person not be competent to perform both requirements, the company shall designate such additional person as may be necessary to appear.

3. **Documents Required:**

   1. All documents relating to Advanced Labs of SW Florida including, but not limited to:
      a) Lab manuals,
      b) documents identifying each type of equipment used in the lab including the model number and serial number or each type of equipment,
      c) documents identifying all former and current lab directors,
      d) All licensures and/or certifications for the laboratory, and
      e) Invoices for any and all laboratory supplies.

   2. All documents relating to Advanced Pain's in-office laboratory including, but not limited to:
      a) Lab manuals,
      b) documents identifying each type of equipment used in the lab including the model number and serial number or each type of equipment,
      c) documents identifying all former and current lab directors,
      d) All licensures and/or certifications for the laboratory, and
      e) Invoices for any and all laboratory supplies.

   3. All documents relating to urine testing performed by Advanced Pain's in-office laboratory including, but not limited to,
      a) All documents relating to testing for THC.
      b) All documents relating to billing for THC testing.
      c) All documents relating to urine confirmation tests.

   4. All audits relating to Advanced Pain's in-office laboratory including, but not limited to, audits performed by:
      a) Physician Resource Center, LLC, and
      b) The Centers for Medicare & Medicaid Services ("CMS") Comprehensive Error Rate Testing ("CERT").

   5. All adverse reaction, incident forms, or other similar documentation for all patients of Advanced Pain, Park Center for Procedures, and Anesthesia Partners.

   6. All audits, including drafts audits, of Advanced Pain, Park Center for Procedures, and Anesthesia Partners.

   7. Any and all documents reflecting or discussing the amount of anesthesia used by physicians employed by Advanced Pain.

8. All email communications with Physician Resource Center, LLC, including, but not limited to:

   a) All October 19, 2015, emails from or to, among others, Rochelle Cannon regarding employee incidents and corrective action.

   b) All November 17, 2015, emails from or to, among others, Rochelle Cannon regarding billing for urine testing.

   c) All November 18, 2015, emails from or to, among others, Rochelle Cannon regarding drug screening or UDT billing.

   d) All January 15, 2016, emails from or to, among others, Rochelle Cannon regarding employee incident.

   e) All February 11, 2016, emails from or to, among others, Rochelle Cannon regarding determination of economic hardship.

   f) All April 5-6, 2016, emails from or to, among others, Rochelle Cannon regarding laboratory operations.

   g) All August 5, 2016 emails from or to, among others Rochelle Cannon regarding addendum to contract.

9. All documents relating to vertebroplasty procedures including, but not limited to,
   a) All documents containing any discussion of billing for vertebroplasty procedures and,
   b) The location where vertebroplasty procedures should be performed.

10. All documents discussing unnecessary or inappropriate tests or procedures.

11. All documents discussing viscosupplementation therapy including, but not limited to,
    a) All documents discussing LCD 33767, and
    b) All documents discussing the use of ultrasound in connection with viscosupplementation therapy.

12. Any and all independent sales representative employment agreements between any individual and Advanced Pain, Park Center for Procedures, Anesthesia Partners, or Advanced Labs of SW Florida.

13. All documents relating in any way to such independent sales representative employment agreements including, but not limited to:

    a) The creation of such agreements,
    b) Executed agreements,
    c) Individuals receiving such agreements, and
    d) Discussions regarding such agreements

14. All documents from the following folders:
    a) C: \My Documents\Clinical\Monthly Audit Reports\UDT Reports
    b) C: \My Documents\Clinical\Monthly Audit Reports\2012 and older\Urine Testing Reports
    c) C: \My Documents\Doctor Folders\Dr. Frey
    d) C: \My Documents\Doctor Folders\Frey's Folder
    e) C: \My Documents\Front Office (FO) 6.26.09ld\Gift Card Spreadsheet
    f) C: \My Documents\Insurance Department\ Physicians Resource
    g) C: \My Documents\Insurance Department\THC Payment Project
    h) C: \My Documents\Insurance Department\Doctor's Meetings\Reports Schedule for Doctors Meetings
    i) C: \My Documents\Insurance Department\Doctor's Meetings\Summaries – njh
    j) C: \My Documents\Insurance Department\Obsolete\Move Payments Between APMS & PCP
    k) C: \My Documents\Insurance Department\Obsolete\Payment Analysis Reports
    l) C: \My Documents\Insurance Department\Obsolete\Medicare\2011 & 2012 Medicare Reviews\APMSS reviews
    m) C: \My Documents\Insurance Department\Obsolete\Medicare\2011 & 2012 Medicare Reviews\PCP reviews
    n) C: \My Documents\Insurance Department\Obsolete\Special Project 2011 & 2012 Deadline 3-31-13\Medicare
    o) C: \My Documents\Insurance Department\Obsolete\Special Project 2011 & 2012 Deadline 3-31-13\Medicare\APMS
    p) C: \My Documents\Insurance Department\Obsolete\Special Project 2011 & 2012 Deadline 3-31-13\Medicare\PCP
    q) C: \My Documents\Insurance Department\Obsolete\Special Project 2011 & 2012 Deadline 3-31-13\Medicare\APMS\DR DAITCH
    r) C: \My Documents\Insurance Department\Obsolete\Special Project 2011 & 2012 Deadline 3-31-13\Medicare\APMS\DR FREY
    s) C: \My Documents\Quest\Marketing – refer.MD gift list
    t) C: \HR\HR\Compliance\Compliance\2012 COMPLIANCE COMPLAINT FORMS
    u) C: \HR\HR\Confidential Info\Patient Incident Risk Management Reports
    v) C: \HR\HR\Confidential Info\Dennis Koder\Incident Reports for Mr. Koder_files
    w) C: \FinancialScans\Dr Frey
    x) C: \FinancialScans\Frey Holdings, LLC
    y) C: \FinancialScans\Frey's investments LLC

    z) C: \FinancialScans\Friday Insurance Co (Artex Tribeca)
    aa) C: \FinancialScans\FRIDAY LLC
    bb) C: \FinancialScans\Advanced Labs of SW Florida\Business Associate Agreements
    cc) C: \FinancialScans\Advanced Labs of SW Florida\2014\AP\F\Frey Michael

15. All payments to Bobbie Daitch or Innovative Quality Resources including, but not limited, to all payments made pursuant to a 1099 or any profit sharing agreement. To the extent that any such profit sharing agreements exists, please produce the agreements.

16. The complete medical record for all of the patients listed on Appendix A attached hereto.

## Appendix A – Patient Records Requested

